**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

MARVEO LASHUNN HOPSON,     *
     *
     Plaintiff,     *
     *
v.     *
     *     No. 4:16CV00060-SWW-JJV
SHANE WEST, Detective,     *
Conway County     *
     *
     Defendant.     *

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.      INTRODUCTION

Marveo Lashunn Hopson ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983 (Doc. No. 2).  He alleges Defendant Shane West violated his rights by wrongfully arresting him.  (*Id.* at 4.)  After reviewing the Complaint, I recommend this action be administratively closed pending the resolution of Plaintiff's state trial.

## II.     SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing

2

*pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts."  *Id.*

## III.    ANALYSIS

Plaintiff alleges Defendant West arrested him in September 2015 for theft of property.  (Doc. No. 2 at 4.)  Plaintiff was never informed of the specifics of the crimes against him, but is nevertheless awaiting trial on those charges. (*Id*. at 3-4.)  Given that his state charges are still pending, I conclude abstention is appropriate.  The *Younger* abstention doctrine is appropriate where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the Plaintiff has an avenue for reviewing his constitutional claims in state court.  *See Younger v. Harris*, 401 U.S. 37 (1971);  *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  Here, the state has an important interest in adjudicating the charges against Plaintiff and he may raise the issue of his alleged wrongful arrest before the state court.

Courts have found extraordinary circumstances warranting intervention in state proceedings where speedy trial claims are raised.  *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973).  It is unclear if Plaintiff is raising such a claim here, as he has not explicitly alleged as much. Even if he is raising such a claim, however, nothing suggests Defendant West - a Conway County detective - would be the appropriate defendant in such an action.

Based on the foregoing, I conclude that abstention is proper.

**IV.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.      This action be administratively closed pending the resolution of Plaintiff's state trial.

2.      Once the charges against him have been fully adjudicated, Plaintiff may file a motion to re-open this case within thirty (30) days if he still wishes to pursue his claims against Defendant West.

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 23rd day of February, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE